UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-cr-23 (DSD/SGE)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

LUIS GOMEZ-ESTEBAN,
*a/k/a Luis Gerardo Gomez-Esteban,*

        Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and **LUIS GOMEZ-ESTEBAN** agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

    1.  **Charges**. The defendant agrees to plead guilty to Count One of the Indictment, which charges the defendant with Reentry of Removed Alien—Prior Aggravated Felony, in violation of Title 18, United States Code, Sections 1326(a) and 1326(b)(2). The defendant fully understands the nature and elements of the crime with which he has been charged. Upon imposition of sentence, the government agrees to move to dismiss the remaining count charged against the defendant contained in the Indictment.

    2.  **Factual Basis**. The defendant is pleading guilty because he is in fact guilty of Count One of the Indictment. By pleading guilty, the defendant admits the

1

following facts and that those facts establish his guilty beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

On or about September 24, 2015, a jury in Thurston County, Washington, convicted the defendant of three felony counts. The defendant received a 75-month sentence for these convictions. On or about March 8, 2019—after serving his sentence—the defendant was removed from the United States to Guatemala because he lacked lawful status to be present in the United States.

On or about November 27, 2024, law enforcement in Inver Grove Heights, Minnesota, arrested the defendant for suspected drunk driving. The defendant was subsequently charged with refusing to submit to a chemical test. Prior to that date, the defendant had knowingly and purposefully re-entered the United States without the express consent of the Attorney General of the United States or the Secretary of Homeland Security. The defendant had, in fact, been in the District of Minnesota without lawful authority since at least April 2024, when he took an in-person driver's test at a Minnesota DMV.

Accordingly, the defendant admits that, on or about November 27, 2024, he was found in the United States after having been previously removed from the country after sustaining a conviction for an aggravated felony. The defendant re-entered the United States without lawful authority. The defendant admits that he is a Guatemalan national without lawful status to be in the United States. The defendant further stipulates and agrees that he acted voluntarily and knew that his actions violated the law.

3. **Waiver of Pretrial Motions**. The defendant understands and agrees that he has certain rights to file pretrial motions in this case. As part of this plea agreement, and based on the concessions of the government within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4. **Waiver of Constitutional Trial Rights**. The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Additional Consequences**. The defendant understands that because of this conviction, the defendant could experience additional collateral consequences,

3

such as the loss of the right to carry firearms, the right to vote, and the right to hold public office. If the defendant is not a United States citizen, because of a plea of guilty, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant has discussed with his attorney the punishments and consequences of pleading guilty, understands that not all of the consequences can be predicted or foreseen, and still wants to plead guilty in this case.

6. **Statutory Penalties**. The defendant understands that Count One of the Indictment (Reentry of Removed Alien—Prior Aggravated Felony, in violation of Title 18, United States Code, Sections 1326(a) and 1326(b)(2)) carries the following maximum statutory penalties:

   a. a maximum of 20 years in prison;

   b. a maximum supervised release term of 3 years;

   c. a maximum fine of $250,000;

   d. a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A).

7. **Guidelines Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence. The parties stipulate to the following guidelines calculations:

   a. Base Offense Level. The parties agree that the base offense level is 8. U.S.S.G. § 2L1.2(a).

4

b. <u>Specific Offense Characteristics</u>. The parties agree that the offense level should be increased by **10 levels** because, before the defendant was ordered removed from the United States for the first time, the defendant engaged in criminal conduct that resulted in a conviction for a felony offense for which the sentence imposed was more than 5 years. U.S.S.G. § 2L1.2(b)(2)(A).

The parties agree that no other Specific Offense Characteristics apply.

c. <u>Chapter 3 Adjustments</u>. The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

d. <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a **2-level reduction** for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of the defendant's intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an adjustment for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility.

e. <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History **Category II**. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation

   reveals any prior adult or juvenile sentence that should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.

 f. <u>Guidelines Range</u>. If the adjusted offense level is **15** (8+10-3), and the criminal history category is **II**, the Sentencing Guidelines range is **21-27 months of imprisonment**.

 g. <u>Fine Range</u>. If the adjusted offense level is **15**, the Sentencing Guidelines fine range is $7,500 to $75,000. U.S.S.G. § 5E1.2(c).

 h. <u>Supervised Release</u>. The Sentencing Guidelines recommend a supervised release term between one and three years. U.S.S.G. § 5D1.2(a)(2).

8. **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make motions for departures under the Sentencing Guidelines or for variances pursuant to 18 U.S.C. § 3553(a) and to oppose any such motions made by the opposing party. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

9. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory, and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart or vary from the applicable Guidelines range. If the Court determines that the applicable Guidelines calculations or the defendant's criminal history category is

different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Revocation of Supervised Release**. The defendant understands that if he were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

11. **Special Assessment**. The Guidelines require payment of a special assessment of $100 for each felony count of which the defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The defendant agrees to pay the special assessment.

12. **Waivers of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes but is not limited to the defendant's waiver of the right to appeal guilt or innocence, any issues relating to the change-of-plea proceedings, the sentence imposed, the Guidelines calculations, any restitution obligations, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above 27 months.

The defendant also waives the right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. Further, this collateral-review waiver does not operate to waive a collateral challenge under 28 U.S.C. § 2255 based on new legal principles enunciated in Supreme Court case law decided after the date of this Plea Agreement that are both substantive and have retroactive effect. For purposes of this provision, legal principles that are substantive and retroactive are those that narrow the reach of the offense of conviction and render the defendant's conduct non-criminal or that render the sentence imposed illegal.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal the imposed sentence except that it may appeal the substantive reasonableness of a term of imprisonment below 21 months.

13. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

14. **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant. By signing this plea agreement, the defendant acknowledges: (a) that the defendant has read the entire agreement and has reviewed every part of it with the defendant's counsel; (b) that the defendant fully understands

this plea agreement; (c) that no promises, agreements, understandings, or conditions have been made or entered into in connection with his decision to plead guilty, except those set forth in this plea agreement; (d) that the defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that the defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that the defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of the defendant's own free will.

Date: 3/20/2025

LISA D. KIRKPATRICK
Acting United States Attorney

BY:   JORDAN L. SING
Assistant United States Attorney

Date: 3/20/2025

LUIS GOMEZ-ESTEBAN
Defendant

Date: 3/20/2025

BRIAN N. TODER
Counsel for Mr. Gomez-Esteban

9